## 25795. MORGAN v. NEW YORK CASUALTY COMPANY.

DECIDED NOVEMBER 23, 1936.

*J. Wightman Bowden,* for plaintiff.

*James N. Frazer, Sidney Smith,* for defendant.

SUTTON, J. In this suit by W. W. Morgan against New York Casualty Company, he alleged that on October 31, 1931, the company entered with him into a contract of insurance covering a certain Chevrolet automobile truck, whereby it contracted, among other things, to insure the plaintiff for a period of twelve months against liability resulting from bodily injuries, and to pay all claims which the insured might become liable to pay as damages, either direct or consequential, resulting from the use of said truck in the transportation of materials or merchandise, including loading and unloading, and agreed "to defend suits for damages, even if groundless, in the name and on behalf of the assured;" that when this policy was issued he was a member of a partnership engaged in retail coal business, and he was and is liable for all obligations of said partnership, whether arising ex contractu or ex delicto from the negligence of the employees of the partnership in the discharge of the partnership business; that on February 16, 1932, a suit for bodily injuries resulting to a pedestrian by falling into an open coal-chute into which the agents and employees of the partnership were unloading coal was filed by J. O. Freeman against the partnership, which suit was voluntarily dismissed by Freeman on May 15, 1935; that when that suit was filed, notice thereof was given to the insurance company, calling upon it to come into court and defend the suit, which the company failed and refused to do; that on account of the refusal of the company to defend that suit, Morgan was forced to employ counsel to defend it at a cost of $100, for which he sues. He claims also an additional $100 for bringing this suit. By amend-

ment he attached to his petition a copy of the insurance policy, and a copy of the suit of Freeman against Rex Fuel Company, the partnership of which Morgan was a partner. The trial judge sustained the defendant's general demurrer and dismissed the action. That judgment was affirmed by the appellate division of the municipal court of Atlanta, and the plaintiff excepted.

1. The insurance company by its policy contract agreed to insure W. W. Morgan, operating as Rex Fuel Company, for any sums he might become liable to pay as damages, either direct or consequential, imposed by law, by reason of the ownership, maintenance, or use of a Chevrolet automobile truck described in said policy, for the transportation of materials or merchandise incidental to the assured's business, including loading and unloading, and to defend, in the name and on behalf of the assured, suits for damages, even if groundless. This contract should be given a reasonable construction in accordance with the intention of the parties, and so as to carry out and accomplish the object and purposes thereof. A suit which the insurance company would be liable to defend, under the terms of the policy, would have to be one for damages resulting from the maintenance or use of the truck as provided for in the policy. The plaintiff's case is based on the suit of Freeman against Rex Fuel Company, a partnership, a copy of which suit is attached to the petition, it being contended by the plaintiff that the insurance company was liable to defend that suit when he gave it notice thereof, and that because of its failure to do so he is entitled to recover for the amount expended by him in defending the suit. The pertinent allegations in Freeman's petition as to how he was injured are: "That said defendant was, on the 31st day of December, 1931, by its agents, servants, and employees, delivering coal to the Massell Realty Company through a coal-chute on the sidewalk on Fairlie Street, just off Walton Street, in the City of Atlanta, and that said agent, servants, and employees left said coal-chute unattended, and about 6 o'clock p. m. your petitioner was walking along said sidewalk after dark on said date, and due to the poorly lighted condition of said street petitioner fell into said coal-chute, injuring and damaging himself in the amount set out above. . . That said defendant was negligent in leaving said coal-chute open and unattended, and in not placing a rail around the same, and in not

placing a red light or other warning at or near said coal-chute to warn pedestrians of the danger." It will be noted that the automobile truck is in no way mentioned or referred to in the Freeman suit. Nor does he claim therein that his injuries resulted from the negligent operation or use of the said truck in any way. But he alleges that his injuries were caused by the negligence of the agents and employees of the Rex Fuel Company in leaving the coal-chute on the sidewalk open and *unattended,* and by not placing a railing around it or a red light or other warning to pedestrians of the danger, and that he fell into this coal-chute after dark and was injured. So far as the allegations of the Freeman petition show, coal may have been hauled to the coal-chute in a wagon or rolled there in a wheelbarrow. In other words, there is nothing in that suit that in any way connects the use of the automobile truck, covered in the insurance contract, with the open coal-chute; and it was that suit which the plaintiff in the present case (who was a member of the defendant copartnership in that case) called upon the insurance company to defend. So it clearly appears from the allegations of the Freeman petition that the proximate cause of his injuries was, not the use or operation of the truck in transporting materials or merchandise or loading or unloading, but his falling into the open and unattended coal-chute, as therein alleged. The insurance company would not be bound to defend a suit, although groundless, unless in some way the injuries resulted from the maintenance or use of the automobile truck. This the Freeman suit did not show. Therefore the trial judge properly sustained the general demurrer to the petition, and the affirmance of that judgment by the appellate division of the municipal court was not error.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*