GRAND UNION STORES, INC., Plaintiff, *v.* GENERAL ACCIDENT, FIRE & LIFE ASSURANCE CORPORATION, LIMITED, Defendant.

Supreme Court, Special Term, New York County, January 5, 1937.

*Daniel Mungall*, for the plaintiff.

*Sullivan & Cromwell* [*Philip L. Miller* of counsel], for the defendant.

McCook, J. This is a motion to dismiss the complaint on the ground that it does not state facts sufficient to constitute a cause of action. Among the allegations are the following:

One Samuel Palmer, in no way connected with the plaintiff Grand Union Stores, Inc., came to the store and brought with him a rifle and rifle cartridges. He and certain employees of the plaintiff, the employees acting without the plaintiff's knowledge or consent and outside the scope of their employment, set up a target for rifle practice in the cellar of the store and fired at it with Palmer's rifle. One of the bullets from the rifle passed through a cellar door and struck and killed one Dennis Ford, who was walking by on a sidewalk immediately adjacent. The premises were used as a retail meat, grocery and provision store, and were located in Dannemora, N. Y. Due notice of the accident was given to the defendant insurer, which declined to assume liability under the policy and stated that it would not defend any action brought against the plaintiff. Dennis Ford's administratrix sued the plaintiff for damages caused by his death and the insurer-defendant did not defend that action. The plaintiff in the present action (defendant in the administratrix's action) did defend. After two trials and two appeals to the Appellate Division the case was heard by the Court of Appeals; the judgment which the administratrix had obtained on the second trial was reversed and the complaint dismissed. The plaintiff in this action incurred expenses by reason of defending the administratrix's action in the sum of about $11,000. The present complaint seeks to recover these expenses from the insurer.

The decision of the Court of Appeals just referred to is *Ford* v. *Grand Union Co.* (268 N. Y. 243), where the court held in effect that the participation of the employees in the cellar target practice constituted a frolic of their own by these employees for the consequences of which their master (the present plaintiff) is not liable.

Admittedly, the only basis for recovery by the plaintiff in this action is the contract or insurance policy issued by the defendant. If the language of the policy covers the state of facts and insures

and indemnifies the plaintiff, the plaintiff will recover regardless of whether the insurer originally defended or not. Furthermore, the fact that the administratrix was unsuccessful in her action against the present plaintiff is not necessarily determinative of the issues in the current case. The insurer cannot refuse or decline to defend an action unless the provisions of the policy exclude that particular risk or action and it is not covered. Ambiguity or doubt must be resolved in favor of the insured.

The defendant agreed:

" (1) To indemnify the Assured * * * against loss by reason of the liability imposed by law upon the Assured for damages on account of bodily injuries, including death at any time resulting therefrom, accidentally suffered or alleged to have been suffered while this policy is in force by any person or persons, not in the employ of the Assured by reason of the ownership, maintenance, occupation or use of the premises described in said Declarations and for the purposes therein described, or any business operations therein conducted by the Assured, and also so described * * * or upon the sidewalk or other ways immediately adjacent to such premises.

" (2) To defend in the name and on behalf of the Assured any suits, even if groundless, brought against the Assured to recover damages on account of such happenings as are provided for by the terms and conditions of this Policy."

Among the conditions enumerated in the policy expressly reciting no coverage is the exclusion of liability for injury to: " 3. Any person or persons by reason of the manufacture or presence within the premises described herein of any material intended for use as an explosive."

Two of the declarations in the policy are pertinent:

" Statement 5. The premises described above are used for the following purposes: Meat, Grocery & Provision Stores (combined) Retail (N. O. C.).

" Statement 6. The Assured conducts no business on the premises except as above."

Though the plaintiff administratrix did not succeed in her suit, which, therefore, may be called groundless, her claims were plausible, meriting and requiring defense. Two Trial Terms held that her action was maintainable and the jury brought in very substantial verdicts. The Appellate-Division sustained a verdict. Only the court of last resort reversed and dismissed the complaint. In view of this, how can defendant insurer justify a refusal " to defend in the name and on behalf of the assured " this suit, though contractually bound to defend even a groundless one? It is the

obvious intendment of the policy to protect the assured against a situation which on its face comes within the terms of the policy, and the insurer in such case is bound by the very terms of the policy to defend. Were this not the law, every suit commenced against a policyholder resulting in a decision in his favor on the facts or the law would be excluded from the policy and the insured would be justified in its refusal to defend. It is not the contention that the original complaint was defective as not stating a cause of action, and the company does not make it clear where the line is to be drawn. Why, indeed, if the insurer's position is sound, could not a defending company in every instance of ultimate defeat recover back from the insured the expense of defense? This would seem the logical outcome of the theory of the sure thing, where the insurer never takes a chance. This cannot be the intention of the parties. The provision with respect to groundless suits should be construed against the insurer, and the company should not have the option of deciding whether an action, proper and sufficient on its face, is capable of a successful defense or not. The defendant under the conditions of its policy should have defended the assured.

Referring to provision 3 of the policy, quoted above, the casual and transient location of cartridges, no matter how few or how small or for what purpose transported, cannot as matter of law be said to constitute "presence within the premises" within the meaning of the policy.

Motion denied. Order signed.