WALTER J. SOPER, Doing Business as THE PINES INN, Plaintiff, *v.* FIDELITY AND CASUALTY COMPANY OF NEW YORK, Defendant.

Supreme Court, Special Term, Greene County, January 3, 1951.

*John E. Knauf* for defendant.

*Paul Fromer* for plaintiff.

BOOKSTEIN, J. Defendant moves for summary judgment dismissing the complaint in this action to recover the expense incurred by plaintiff in the successful defense of an action for assault brought against him by one John J. Benson, which action defendant refused to defend on the ground that the policy issued by it did not require it to do so.

The policy in question insures plaintiff against liability for personal injuries sustained by any person caused by accident arising out of the ownership, operation and maintenance by the plaintiff of the premises therein described. By another pro-

vision of the policy, bodily injuries caused by an assault are to be deemed the result of an accident, within the meaning of the policy, provided that such assault was not committed by the individual insured.

One John J. Benson sued the plaintiff herein. The complaint in that action charged that the plaintiff herein, himself, committed an assault on one John J. Benson. The defendant herein refused to defend that action on the ground that the alleged injuries inflicted by the plaintiff herein upon said Benson were not the result of an accident, within the meaning of the policy, and hence were not within the coverage afforded by the policy in question.

Plaintiff herein contends that, in any event, this defendant was required by the terms of the policy to defend the aforesaid assault action. His contention is based on the following insuring agreement contained in the policy: " As respects such insurance as is afforded by the other terms of this policy, the company shall — (a) defend in his name and behalf any suit against the insured alleging *such injury* * * * and seeking damages on account thereof, even if such suit is groundless, false or fraudulent ".

The test of coverage is determined by the complaint in the assault action. If that complaint alleged a cause of action by reason of an accident insured against, then the defendant was required to defend the same, even if the action was groundless. On the other hand, if such complaint alleged a cause of action by reason of matters not covered by the insuring agreements of the policy, then the defendant was not bound to defend the same, whether it was a bona fide suit or a groundless one.

The insuring agreement to defend refers to a suit alleging " such injury ". The injury thus referred to is one arising from accident. The insuring agreement, as we have seen, deems as an accident, within the coverage of the policy, an assault, *provided that such assault was not committed by an individual insured*. The complaint in the assault action alleges that the assault was committed by the insured. Hence, it does not allege an accident within the coverage of the policy. Since the action therefore was not for " such injury ", i.e. an injury arising from an accident, within the coverage of the policy, no obligation existed to defend that action.

" The distinction between liability and coverage must be kept in mind. So far as concerns the obligation of the insurer to defend the question is not whether the injured party can maintain a cause of action against the insured but whether he can

state facts which bring the injury within the coverage.'' (*Grand Union Co.* v. *General Accident, Fire & Life Assur. Corp.*, 254 App. Div. 274, 280, affd. 279 N. Y. 638. See, also, *Lee* v. *Ætna Cas. & Sur. Co.*, 81 F. Supp. 1008; *Lumbermens Mut. Cas. Co.* v. *Thomson Co.*, 87 F. Supp. 889; *Goldberg* v. *Lumber Mut. Cas. Ins. Co.*, 297 N. Y. 148, and *Pow-Well Plumbing & Heating* v. *Merchants Mut. Cas. Co.*, 195 Misc. 251.)

Here, the cause of action stated in the complaint in the assault action was not within the coverage of the policy and hence there was no duty or obligation on defendant herein to defend that action.

Accordingly, the motion of defendant for summary judgment is granted.

Submit order.