38128.   ROYAL INDEMNITY COMPANY *v.*
McCLATCHEY.

DECIDED APRIL 14, 1960.

508

*Smith, Field, Doremus & Ringel, H. A. Stephens, Jr.,* for plaintiff in error.

*Nall, Miller, Cadenhead & Dennis, James W. Dorsey,* contra.

BELL, Judge. The petition alleges that an accident insurance policy covering the motor and generator was in effect between the insurer and the insured, and further alleges that the motor and generator covered in the policy were "hit by lightning . . . causing a sudden and accidental burning out of the generator and motor and rendering the same completely valueless except for scrap." The basic matter for determination is the question raised by the insurer that the damage was caused by an act of God and therefore was not caused by accident and so not covered in the policy. The insurer relies heavily on the case of *Ohio Hardware Mutual Insurance Co.* v. *Sparks,* 57 *Ga. App.* 830 (196 S. E. 915), decided by this court in 1938. The *Sparks* case involved damage to a stationary unoccupied car as the result of a telephone pole falling upon it during a tornado and the question there was whether this was a collision within the policy provisions covering accidental collision. After detailed consideration the court concluded that it was not. The court thereupon, seemingly as an aside, made the following statement, page 834: "The definition, as made in the policy itself, is that the collision in contemplation must be an *accidental* collision. Manifestly, the storm or tornado was not an accident, but was an act of God." The court then cited *Ohlen* v. *Atlanta & West Point R. Co.,* 2 *Ga. App.* 323, 328 (58 S. E. 511) and went on to say: "Likewise, the falling of the pole, being entirely disconnected from human agency or mere gravity acting upon weakness, but resulting from the irresistible force of the storm or tornado, was not an accident." This *Sparks* case has been digested in legal works and carried in numerous annotations as stating a rule of law in this jurisdiction that damage done by an act of God would not be an accident within the meaning of the term in insurance policies. It is clear to this court that these statements made in the *Sparks* case were made as inadvertent asides and under a misconception as to the relativity of the matters considered in the *Ohlen* case. It is equally clear to us that such statements where interpreted to mean, with respect to an insurance policy covering accidental

damage, that damage caused by an act of God cannot be an accident, was not a correct enunciation of the law. Therefore in so far as the *Sparks* case may be so interpreted, it is hereby expressly overruled.

The *Ohlen* case, supra, was concerned with a railroad's common-law liability for loss or injury to goods received by it for transportation. The court therein stated on page 327: "The general rule as to the common carrier's liability for goods in his possession as carrier . . . is that the carrier is liable for all loss or destruction of or injury to such goods, not occasioned by the act of God or the public enemy. Therefore, where the loss is not due to the excepted causes, proof of negligence is immaterial and the carrier cannot escape liability by proving reasonable care and diligence." Thereafter, on page 328 the court stated: "The act of God as expressive of a cause of loss or damage means a casualty not due to human agency—not only not due to it but one which is no way contributed to by human agency." The court in that case was concerned with the accepted and well known common-law rule that the railroad's strict liability for loss of goods carried by it does not make the railroad liable for injuries caused by an act of God. The court in the *Sparks* case, out of context, seemed to construe the *Ohlen* case as authority for the principle that, with respect to an insurance policy, where damage was caused by an act of God, there can be no liability for accident. This is an incorrect and untenable assumption. In the case now before this court, the petition alleges that the generator and motor were insured against accidental damage. The policy of insurance, made a part of the petition, shows: "In consideration of the premium, the company agrees with the insured respecting loss from an accident, as defined herein. . ." "To pay for loss on the property of the insured directly damaged by such accident. . ." The policy further defines accident, and the only relevant provision is as follows: "As respects any object which is designated and described in this schedule, 'Accident' shall mean . . . A sudden and accidental burning out of the object, or any part thereof." The policy contains exclusion clauses and limitations on liability, none of which have any relevancy to the cause of the damage herein alleged. The denouement of this

case, then, is whether or not the word "accident," as contained in the insurance policy, covers damage done by an act of God—namely, the striking by lightning. It is elementary that policies of insurance and provisions therein will be strictly construed against the insurer. *New York Life Insurance Co.* v. *Thompson,* 45 *Ga. App.* 638, 639 (165 S. E. 847). Words or a word in an insurance policy must be construed in accordance with what the parties to the contract must reasonably be said to have contemplated as to the coverage. Applying these principles of construction to the policy under consideration, it is apparent that the petitioner in insuring his property against accidental injury would believe, reasonably so, that the coverage extended to damage caused by the striking of the property by lightning. It is also recognized by the great weight of authority, that the meaning of the word "accident" includes damage caused by acts of God. 29A Am. Jur. 308, Insurance, § 1164; 1 Words and Phrases, Accident, pp. 252, 258. See *Atlanta Accident Assn.* v. *Alexander,* 104 *Ga.* 709, 711 (30 S. E. 939, 42 L. R. A. 188). Although Code § 102-103 defines "accident" and "act of God" for their statutory meaning, these definitions are persuasive as to the general meaning in Georgia law. See also Jassas *v.* Bankers Insurance Corp., 209 Ill. App. 147.

Since the petition alleges that the insurance policy covers damage by accidents, and since loss occasioned by lightning is accidental, within the meaning of the policy, the petition contains a statement of a cause of action, and the order of the superior court in overruling the general demurrers is sustained.

The insurer further interposed special demurrers to paragraphs 6 and 7 of the amended petition, and these special demurrers were properly overruled in that the allegations of these paragraphs show facts from which a waiver of written notice could be predicated and actual notice found.

The order of the Superior Court of Fulton County overruling all demurrers to the petition, as amended, is affirmed.

*Judgment affirmed. Felton, C. J., Gardner, P. J., Townsend, Carlisle, Nichols and Frankum, JJ., concur.*