## 41191. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY v. KEENE.

Decided March 19, 1965—Rehearing denied April 1, 1965.

*Conyers, Fendig, Dickey & Harris, Chris B. Conyers,* for plaintiff in error.

*Cowart, Sapp, Alaimo & Gale, G. B. Cowart,* contra.

HALL, Judge. The only issue raised by the plaintiff's motion for summary judgment is whether the insurer is liable for the plaintiff's judgment against the insured because the insurer failed to perform its obligation to the insured under the policy: "As respects the insurance afforded under coverages A and B [bodily injury and property damage] and in addition to the applicable limits of liability . . . to defend any suit against the insured alleging such bodily injury or destruction and seeking damages on account thereof, even if such suit is groundless, false or fraudulent. . ." The trial court's order granting summary judgment recited that the plaintiff's petition against the insured set forth a cause of action within the coverage of the policy.

"The rule of thumb that has been enunciated in cases where the complaint against the insured alleges untrue facts showing the insured's liability or coverage by the policy—that the insurer's obligation to defend is to be determined by the allegations of the complaint (See 50 ALR2d 458, 563)—upholds the insurer's explicit undertaking to defend groundless, false or fraudulent suits. . . The true rule is that the duty to defend is determined by the contract; and since the contract obligates the insurer to defend claims asserting liability under the policy, even if groundless, the allegations of the complaint are looked to to determine whether a liability covered by the policy is asserted. Therefore, to speak of the allegations of the complaint as the standard determining the duty to defend is confusing." *Loftin v. U. S. Fire Ins. Co.,* 106 Ga. App. 287, 293 (127 SE2d 53). The so-called "rule" that the insurer's obligation to defend is determined by the allegations of the complaint does not apply in all kinds of cases. We may reasonably presume that the insurer's undertaking to defend "with respect to the insurance afforded" by the policy was intended to give the insured the benefit of the defense of suits for which the policy affords cov-

erage according to the true facts. *Loftin v. U. S. Fire Ins. Co.,* 106 Ga. App. 287, 293, supra; *Morgan v. New York Cas. Co.,* 54 Ga. App. 620 (188 SE 581).

There is no issue in this case that this is a groundless suit against the insured, i.e., that it contained false, unsupportable allegations to show the insured's liability to the suing plaintiff. "A claim based on *true* facts not within coverage is not groundless within the meaning of the policy, but simply one for which liability insurance is not afforded and which the insurer did not undertake to defend (though the insured may be liable)." *Loftin v. U. S. Fire Ins. Co.,* 106 Ga. App. 287, 291, supra.

Under insurance policy provisions for defense of actions against the insured the effect of an insurer's refusal to defend an action on the ground that the claim is not within the coverage of the policy depends primarily upon whether such refusal is justified or unjustified. "If the refusal of the insurer was justified and the claim was actually outside the policy coverage, the refusal of the insurer to defend does not constitute a breach of contract and does not subject the insurer to any legal liability. A different situation exists, however, where the insurer refuses to defend an action against the insured based on a claim actually within the coverage of the policy because of its erroneous assumption that such claim is outside policy coverage. . . Where the insurer refuses to defend an action brought against the insured, basing its refusal on the ground that it is under no duty to defend because the claim upon which the action against the insured is founded is not within the coverage of the policy, and it appears that such claim actually is outside the policy coverage, the refusal of the insurer to defend does not constitute a breach of contract but, on the contrary, is a justified refusal, and the insurer incurs no legal liability by its action." 29A Am. Jur. 569, §§ 1457, 1458; 49 ALR2d 694, 703. By an unjustified refusal to defend an action against the insured the insurer becomes subject to certain new and positive obligations, including liability for the amount of the judgment rendered against the insured. 29A Am. Jur. 571, § 1460; 49 ALR2d 717.

The policy in this case excluded coverage of the insured's liability to "any member of the family of the insured residing in

the same household as the insured." The question whether the policy did or did not afford coverage of the insured's liability to this plaintiff was not decided by the trial court. This issue is determinative of whether the insurer's refusal to defend was justified or unjustified, and whether the refusal subjected the insurer to liability, and remains a material issue in the case.

The cases of *Liberty Mutual Ins. Co. v. Atlantic C. L. R. Co.,* 66 Ga. App. 826 (19 SE2d 377), and *Rutledge v. Dixie Automobile Ins. Co.,* 106 Ga. App. 577 (127 SE2d 683), in which the court declined to determine the insurer's obligation to defend as a matter of law, are not in conflict with the present decision. In *Georgia Southern &c. R. Co. v. U. S. Cas. Co.,* 97 Ga. App. 242 (102 SE2d 500), cited by the plaintiff, the language, "Where an insurer refuses to defend an action against an insured on the ground that the policy does not require it to do so under the policy coverage, the insurer is bound by a settlement of the action made by the insured in good faith," had reference to an unjustified refusal by the insurer to defend. The plaintiff argues that this court should follow the reasoning of Sims v. Illinois National Cas. Co., 43 Ill. App. 2d 184 (193 NE2d 123), where the court held that the insurer had an obligation to defend an action because the allegations of the petition against the insured did not show an exclusion from the coverage of the policy and that the insurer, having refused to defend on the ground that the insured's liability to the suing plaintiff was excluded from coverage, was estopped to deny liability and was liable for the judgment against the insured as a matter of law. That decision is contrary to this court's opinion in the *Loftin case,* supra, and for the reasons stated in the *Loftin* opinion and in the present opinion we do not follow it.

The trial court erred in granting summary judgment for the plaintiff.

*Judgment reversed. Bell, P. J., and Frankum, J., concur.*