434 F.2d 926
 Ursula Irene ROWELL, by her next friend and natural father,
David Rowell, and David Rowell, Individually,
Plaintiffs-Appellants,
v.
Hardy HODGES, Defendant, Northwestern Mutual Insurance
Company, Garnishee-Appellee.
 No. 29907 Summary Calendar.*
*(1) Rule 18, 5th Cir.; See Isbell Enterprises, Inc.
v.
Citizens Casualty Co. of New York et al., 5th Cir., 1970,
 
 431 F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 Nov. 9, 1970.
 Ronald A. Cyril and Gerald C. Surfus of Nelson, Stinnett, Surfus, Korp & Payne, Sarasota, Fla., for appellants.
 W. Robert Mann, Bradenton, Fla., of Mann & Price, Bradenton, Fla, for appellee.
 Before THORNBERRY, MORGAN and CLARK, Circuit Judges.
 PER CURIAM:
 
 
 1
 We affirm the action of the District Court on the basis of the cogent reasoning contained in the opinion order granting Summary Judgment to the garnishee-appellee Northwestern Mutual Insurance Company, a copy of which is appended hereto.
 
 
 2
 Affirmed.
 
 APPENDIX
 
 3
 In the United States District Court Middle District of Florida Tampa Division
 
 
 4
 Ursula Irene Rowell, by her next friend and natural father, David Rowell, and David Rowell, individually, Plaintiff, versus Hardy Hodges, Defendant.
 
 Case No. 69-45-CIV-T
 
 5
 Northwestern Mutual Insurance Company, Garnishee.
 
 SUMMARY JUDGMENT
 
 6
 This is an action instituted under the Florida Garnishment Statute by the Plaintiffs, as recipients of favorable money judgments entered by the Circuit Court for Sarasota County, and was removed to this Court by the Garnishee Northwestern Mutual Insurance Company upon the grounds of diversity and requisite jurisdictional amount in controversy. Issues were framed by the Garnishee's Answer to the Writ of Garnishment and Reply of the Plaintiffs to the Answer, and after the utilization of basic discovery procedures by the parties developing facts, the Plaintiffs filed a Motion for Summary Judgment, with supporting Brief, and the Garnishee opposed the Motion with a detailed Affidavit incorporating a number of exhibits, and an opposing Brief.
 
 
 7
 The Motion for Summary Judgment came on to be heard, and during the course of the hearing, Plaintiffs' counsel orally stated and agreed that all of the factual matters asserted by the Garnishee were correct and true, waived any evidentiary objection that might exist as to the assertion of the factual matters submitted in opposition to the Motion, and candidly suggested that if Plaintiffs were not entitled to a Summary Judgment, then the Garnishee was. Counsel for Garnishee also contended that the case did not present any substantial factual dispute, and agreed with opposing counsel's suggestion concerning Summary Judgment.
 
 
 8
 While it is clear that agreement of counsel cannot be determinative of whether a Summary Judgment should be entered by the Court, their agreement made in open court concerning the fact can and does eliminate any impediment there may be to entry of a Summary Judgment, and the Court does conclude that there exists no genuine issue of a material fact and that the case is ripe for entry of a Summary Judgment for one opposing party or the other.
 
 
 9
 Concisely as can be stated, the essential facts giving rise to this controversy are as follows: Through the mandatory procedures of the Florida Assigned Risk Plan, Garnishee-insurance company issued an automobile liability policy in the name of the Defendant in garnishment, Hardy Hodges, describing a certain 1958 Cadillac as the 'owned vehicle,' and having a policy period for one year beginning January 28, 1966. At the time of the issuance of that policy, and for a period of some months prior thereto, Hardy Hodges owned a 1955 Cadillac which he had purchased in November of 1965.
 
 
 10
 On September 10, 1966, the 1955 Cadillac, then owned and being operated by Hardy Hodges, was involved in an automobile accident with another vehicle in which the minor-Plaintiff was a passenger. Investigation disclosed the identity of the vehicle, and the Garnishee insurance company learned the information around September 21, and assigned an independent adjusting firm to verify the identity of the vehicle. On October 10, 1966, the independent adjusting firm notified the Garnishee that it had identified the car involved in the accident by make, model, color, and serial number, and that the resulting identification established that the Cadillac described in the policy was not the vehicle involved in the accident.
 
 
 11
 At about the same time, through another independent adjuster in Ocala, contact was made with the insured Hardy Hodges, himself, and Hodges confirmed that he owned and was operating the 1955 Cadillac at the time of the accident in Sarasota, and not the 1958 Cadillac. By letter dated October 20, 1966, Hodges was advised by the Garnishee, through the Ocala adjuster, that Hodges did not have any coverage under the policy that the Garnishee had issued for the accident on September 10, 1966, for the 1955 Cadillac.
 
 
 12
 Thereafter, in March of 1967, the Garnishee-insurance company was advised by letter from Plaintiffs' counsel that suit had been brought against Hardy Hodges in Sarasota Circuit Court, that default had been taken against Hodges, and offering an opportunity to defend the suit. Garnishee responded to the attorneys on April 10, 1967, advising that the Company afforded no coverage for Hodges, in connection with the accident, and declining to defend. The Garnishee was not ever furnished or sent process or suit papers by Hodges, nor did Hodges ever request or demand that the insurance carrier defend him. Subsequently, final default judgments were entered ty the Sarasota Circuit Court against Hardy Hodges totaling in excess of $20,000 and upon failure to respond to the Judgments, this garnishment action ensued.
 
 
 13
 Relying upon the general rule as set forth in 7A Appleman Insurance Law and Practice, 4683, as well as the annotation in 50 A.L.R.2d 458, Plaintiffs cite a line of cases, including several from Florida, wherein it is stated that the insurer's duty to defend an action brought against an insured is determined by the allegations of the Complaint, and if such pleading states facts bringing the claim within the coverage of the policy, then the insurer must defend, irrespective of the insured's ultimate liability to the Plaintiff. Applying this to the situation in the instant case, Plaintiffs contend, in essence: That having alleged in the Complaint that Hardy Hodges was, at the particular time and place, operating 'an automobile,' the insurance company could not tell from that pleading that it was not the covered vehicle, that the company was relegated strictly and exclusively to that allegation, and that there devolved upon the insurance company from those allegations the duty to step in and defend the suit brought against Hardy Hodges by the plaintiffs in March of 1967, irrespective of what the company had actually learned and verified back in September and October of 1966.
 
 
 14
 Having breached its contractual obligation to defend this suit, Plaintiffs say that the Garnishee is now liable for all of the consequences and that, therefore, it is responsible to the Plaintiffs for the entire amount of the Final Default Judgment exceeding Twenty Thousand Dollars.
 
 
 15
 While not disputing the efficacy of the general rule relied upon by the Plaintiffs, Garnishee nevertheless denies its applicability to the facts as established in this suit, contending that the general rule, or so-called 'rule of thumb,' is based on the typical situation in which there is no conflict between the facts as alleged and the actual facts as they are known to or ascertainable by the insurer, and that the general rule does not take into account the possibility that a divergence may exist between the facts as alleged in the Petition and the actual facts as they are known to the insurer, and that the general rule does not apply where, as here, the uncontrovertible and indisputable facts, ascertained by the insurance company long before the action is commenced and confirmed by its own insured, demonstrate that there never was any insurance coverage for the casualty alleged in the first place, and that, therefore, the refusal to defend does not constitute a breach of contract but, on the contrary, is a justified refusal.
 
 
 16
 In support of its position, Garnishee cites and argues 14 Couch on Insurance 2d, Section 51:47; 50 A.L.R.2d Sections 4, 17, and 20; and a line of cases from a number of jurisdictions, including State Farm Mutual Auto. Ins. Co. v. Keene (1965) 111 Ga.App. 480, 142 S.E.2d 90; Crum v. Anchor Casualty Company (1963) 264 Minn. 378, 119 N.W.2d 703; and Cook v. Ohio Casualty Ins. Company (Tex.Civ.App., 1967) 418 S.W.2d 712. Garnishee argues that, in line with the reasoning of those cases, it would be completely illogical, if not ridiculous, to say that, regardless of what had been actually and undisputedly determined as to the identity of the vehicle involved in the accident shortly thereafter, the mere allegation that a person to whom the insurance company had issued a valid liability policy, i.e. Hardy Hodges, was operating 'an automobile' puts a legal obligation on the insurer to step into the suit, take up the defense, prove up what it had already uncontrovertedly established (i.e., the vehicle involved in the accident) and then promptly hand the defense of the action back to the Defendant, and step out of the law suit.
 
 
 17
 Upon consideration by this Court of the Briefs of respective counsel, their arguments, and the authorities cited relied upon, the Court is persuaded that reason and logic lie with the position of the Garnishee, and particularly with the rationale of the cases of State Farm Mutual Auto. Ins. Co. v. Keene, supra; Crum v. Anchor Casualty Company, supra, and Gray v. Zurich Insurance Company, 65 Cal.2d 263, 54 Cal.Rptr. 104, 419 P.2d 168. And it is of particular force and effect in this case, where there could not be and was not ever any factual uncertainty or dispute raised as to the identity of the thing determining coverage, i.e., the vehicle involved in the accident. Here, the vehicle was actually identified, shortly after the accident, by model, year, make, and serial numbers. Moreover, the driver at the time-- and who had every incentive to claim otherwise if he could legitimately do so-- verified and acknowledged the identity.
 
 
 18
 In a sense, to say here that the Garnishee must gauge its obligation strictly by the pleading called a Complaint, and put blinders on, so to speak, to what it actually knows and has definitely ascertained, is somewhat archaic, considering the nature of our present system of notice pleading. The Court simply cannot find any just or logical reason why it should be held that the mere allegation by the Plaintiffs that Hardy Hodges was operating 'an automobile' thereby invokes a contractual obligation to defend the suit brought by the Plaintiffs, when reality, i.e., the actual identity of the vehicle involved in the accident, told everybody that there was not and never had been any insurance coverage for the Defendant Hardy Hodges, in the first place.
 
 
 19
 Therefore, and for the reasons given, the Court finds that the Garnishee Northwestern Mutual Insurance Company is entitled to a Judgment as a matter of law, and it is, therefore
 
 
 20
 Ordered and Adjudged that the Plaintiffs' Motion for Summary Judgment be, and the same is hereby, denied, and that a Final Summary Judgment is hereby entered by the Court in favor of the Garnishee; the Plaintiffs shall go hence without day recovering of and from the Garnishee nothing by their suit; and the Garnishee shall recover of and from the Plaintiffs its costs duly expended in defense of the action and which may be hereinafter taxed by the Court upon application therefor.
 
 
 21
 Done and Ordered at Tampa, Florida, this 30th day of March, A.D. 1970.
 
 
 22
 (s) Ben Krentzman Ben Krentzman-- United States District Judge