48354. WATKINS v. AMERICAN SECURITY INSURANCE COMPANY.

DEEN, Judge. The plaintiff insured appeals from a judgment on the pleadings granted to the defendant. Plaintiff had alleged that his car "was parked next to his residence when a strong wind blew the chimney from the residence and in falling it struck the plaintiff's insured 1965 Oldsmobile causing $310.03 collision damage which is compensable under the collision policy issued." The attached policy shows that the plaintiff had purchased Coverage B under which the defendant agreed to pay for loss caused by collision to the owned automobile, collision being defined as "collision of an automobile covered by this policy with another object or with a vehicle to which it is attached or by upset of such automobile." He did not purchase Coverage A "loss caused other than by collision" which stipulated that loss by falling objects or by windstorm shall not be deemed a loss caused by collision nor did he purchase the combined additional Coverage E which also specifically included windstorm.

Where, as in *McClelland v. Northwestern Fire &c. Ins. Co.,* 91 Ga. App. 640 (86 SE2d 729) there is a jury question as to whether the amount of wind shown to exist at the time was sufficient to set an automobile in motion and cause damage to it, a jury verdict finding either way will not be disturbed. In the present case the allegation that the chimney bricks which fell on the car were in fact set in motion by a strong wind must be taken as true and

eliminates this issue. Except for this fact, this case is much like *Atlas Assurance Co. v. Lies,* 70 Ga. App. 162 (27 SE2d 791), where a jury verdict finding that the automobile in question was struck by a tree blown down and falling on a passing car, and the loss was therefore covered under a comprehensive coverage clause similar to the Coverage A clause in this policy, was upheld. Neither of these cases touches on the problem of whether an object (other than natural phenomena such as rain or sleet) which is caused to fall on the vehicle solely as a result of its being dislodged from a stationary position by wind, is compensable under the collision coverage of the policy. In *Ohio Hardware Mut. Ins. Co. v. Sparks,* 57 Ga. App. 830 (196 SE 912), where a storm blew away a garage in which the insured vehicle was stored and blew a telephone pole down upon it, the court held (p. 834): "The pole came in contact with the automobile and damaged it, but it would seem to be a strange and unreasonable description to say that the pole, in falling, *collided,* or that the parties in making the contract contemplated that the coverage of 'collision' would include the falling of the pole under the circumstances named." This case was overruled in *Royal Indemnity Co. v. McClatchey,* 101 Ga. App. 507 (114 SE2d 394) to the extent that it also held that a windstorm was an "Act of God" and not an accident. The result reached in *Sparks,* however, is that adopted by a majority of courts in the country which have considered the question. See 14 ALR2d 812, Anno. Various reasons are given, such as that where the comprehensive and additional coverages specifically include windstorm, or windstorm and falling objects, it is not reasonable to assume they are also intended to be covered under collision. A substantially identical policy was considered in Fisher v. Cal. Ins. Co., 236 Ore. 376, 379 (388 P2d 441), and the court said it adopted as the more rational the argument of the defendant that the policy presented to the plaintiff a choice of coverage— "he could limit his coverage to collision or upset under coverage B or, by paying an added premium, expand the coverage to include damage by windstorm or from falling objects under other coverage clauses. . . [but] since plaintiff elected to pay only for collision coverage he is not entitled to coverage under the other clauses." In that case a heavy wind had caused a tree to fall on the plaintiff's parked automobile. In U. S. Ins. Co. of Waco v. Boyer, 153 Tex. 415, 418 (269 SW2d 340), a windstorm blew over a building onto a car parked in a downtown street. Again, the plaintiff carried

collision but not comprehensive or additional coverage, and the court, reversing a judgment in favor of the plaintiff, argued: "If the impact of objects blown through the air by the wind is a collision, why purchase collision *and* windstorm? Under the method of basing premiums upon the loss experience, the effect of the respondent's construction would be to drive up the premium rate on collision by including losses from wind and hail in the loss experience and make it impossible for the public to purchase collision without some wind and hail coverage." This case further cites an annotation in 23 ALR2d 385 in which the proximate cause rationale is adopted, so that where it appears that a peril insured against has set in motion other forces which, directly and without intervention of any other causative factor, works the damage, such force is responsible for the loss. The direct force of wind, according to the petition here, blew the blocks from the chimney, and they unaided by any other force than that of gravity, fell upon the parked car. We agree with the authorities above cited that the *sole cause* of the damage was wind and that wind *per se* is not a cause insured against in the collision coverage. Barnard v. Houston Fire & Cas. Ins. Co., 54 ALR2d 374 and annotation. We agree with Barnard, that the mere fact that "falling objects" are stated in the comprehensive coverage not to be regarded as the result of collision is not controlling on collision coverage, but there the falling object, a tree, was being cut down by sawyers, and did not fall as the result of wind or other natural forces.

*Judgment affirmed. Bell, C. J., and Quillian, J., concur.*

SUBMITTED JULY 2, 1973 — DECIDED SEPTEMBER 5, 1973.

*George J. L. Napier,* for appellant.

*Martin, Snow, Grant & Napier, Edward J. Harrell, John C. Edwards,* for appellee.