DAMOORGIAN, J.
Certain Interested Underwriters at Lloyd’s, London, appeals the trial court’s denial of its motion for summary judgment and granting of Chabad Lubavitch’s motion for summary judgment.[1] We reverse.
The following is a recitation of the undisputed material facts. A building owned by Chabad was damaged when a crane landed on it during Tropical Storm Barry. At the time, Chabad had two policies on the damaged building. The first, which is the subject of this appeal, was an “all risk” policy issued by Lloyd’s. It contained the following “Windstorm or Hail Exclusion” (“windstorm exclusion”) provision:
We will not pay for loss or damage:
1. Caused directly or indirectly by Windstorm or Hail, regardless of any other cause or event that contributes concurrently or in any sequence to the loss or damage; or
2. Caused by rain, snow, sand or dust, whether driven by wind or not, if that loss or damage would not have occurred but for the Windstorm or Hail.
But if Windstorm or Hail results in a cause of loss other than rain, snow, sand or dust, and that resulting cause of loss is a Covered Cause of Loss, we will pay for the loss or damage caused by such Covered Cause of Loss. For *69 example, if the Windstorm or Hail damages a heating system and fire results, the loss or damage attributable to the fire is covered subject to any other applicable policy provisions.
The other policy was a policy covering wind damage (“the wind policy”). Prior to making a claim under the all risk policy, Chabad had made a claim under the wind policy for the storm damage. Chabad received the policy limits under the wind policy.
Chabad then made a claim under the all risk policy for the same storm damage. Lloyd’s responded by filing a complaint for declaratory judgment seeking a determination that the all risk policy’s windstorm exclusion provision excluded from coverage the damage caused by the wind generated during the storm. Chabad counterclaimed for breach of contract because of Lloyd’s failure to pay the claim filed under the subject policy. Both parties moved for summary judgment. Lloyd’s’ argument before the trial court was based on the theory that Chabad’s submission of the claim under the wind policy constituted an admission that the loss was caused by wind. Therefore, the damage to the building would not be covered under the windstorm exclusion in the all risk policy.
Chabad countered that the crane striking the building was the cause of damage, not wind. Chabad’s argument focused on the exception within the windstorm exclusion provision (referred to by Lloyd’s as an “Ensuing Loss” provision), which stated that “if the Windstorm or Hail results in a cause of loss other than rain, snow, sand or dust, and that resulting cause of loss is a Covered Cause of Loss, we will pay for the loss or damage caused by such Covered Cause of Loss.” The crane striking the building was “a cause of loss other than rain, snow, sand or dust,” resulting from ■wind.
The trial court concluded that the windstorm exclusion was ambiguous and therefore should be construed strictly against Lloyd’s to cover the damage to Chabad’s building. This appeal follows.
Our standard of review of the entry of a summary judgment is de novo. Major League Baseball v. Morsani, 790 So.2d 1071, 1074 (Fla.2001).
The issue before us is whether the trial court erred in its determination that the windstorm exclusion in the parties’ contract of insurance was ambiguous and, therefore, should be construed against Lloyd’s. We conclude that the windstorm exclusion is unambiguous and that the trial court erred by concluding otherwise.
Interpreting insurance contracts requires the application of the following rules of interpretation: (1) construction of an insurance contract provision must be based on the policy’s plain language; (2) if the provision is ambiguous, it must be construed in favor of the insured; and (3) if more than one meaning can be assigned to a provision, one which favors coverage and another which does not, the provision is ambiguous. Swire Pac. Holdings, Inc. v. Zurich Ins. Co., 845 So.2d 161, 165 (Fla.2003). Additionally, when working through the interpretive process, “ ‘courts should read each policy as a whole, endeavoring to give every provision its full meaning and operative effect.’ ” Id. at 166 (quoting Auto-Owners Ins. Co. v. Anderson, 756 So.2d 29, 34 (Fla.2000)).
At the heart of the dispute in this case is the meaning of the “Ensuing Loss” provision which is an exception to the windstorm exclusion. The windstorm exclusion unambiguously provides that if a loss or damage is caused by a windstorm, the loss is not covered, regardless of any other cause or event that contributes to the loss. Contained within the exclusion is *70 the “Ensuing Loss” provision which provides that if a windstorm “results in a cause of loss other than rain, snow sand or dust, and that resulting cause of loss is a Covered Cause of Loss,” the loss will be covered. Lloyd’s argues, and we agree, that the plain language of the “Ensuing Loss” provision means that if a windstorm sets in motion another cause, which is not excluded by the policy, and that intervening cause results in a covered loss, the windstorm exception does not apply and the loss would be covered by the policy. See Swire Pac., 845 So.2d at 165.
We find support for this interpretation in the factual scenario appearing at the end of the “Ensuing Loss” provision, to wit: “if the Windstorm or Hail damages a heating system and fire results, the loss or damage attributable to the fire is covered subject to any other applicable policy provisions.” In the example, a windstorm damages the heating system. The damage to the heating system would not be a covered loss under the exclusion. However, if the damage to the heating system causes a fire to erupt which results in damage attributable to the fire, the damage caused by the fire would be covered under the policy. In the example, the “cause of loss” is not the windstorm, but the intervening fire. Watkins v. Am. Sec. Ins. Co., 129 Ga.App. 566, 200 S.E.2d 304, 305 (1973) (“[WJhere it appears that a peril ... has set in motion other forces which, directly and without intervention of any other causative factor, works the damage, such force is responsible for the loss.”) Our reading gives each provision its full meaning and operative effect, and the exclusion can be clearly determined and understood as required by Florida law. Swire Pac., 845 So.2d at 166.
However, our determination does not fully resolve this matter because Lloyd’s also assigns error to the trial court’s apparent factual determination that the wind was not a direct cause of the damage. The record reflects that the parties did not stipulate to the cause of the crane falling. This factual determination is essential because the exclusion would only apply if the crane fell from its perch because of the force of the wind, aided only by gravity and not some other intervening cause. See Watkins, 200 S.E.2d at 305. For this reason, we are compelled to remand the case for resolution of this factual issue.

Reversed and Remanded.

GROSS, C.J., concurs.
POLEN, J., dissents with opinion.

. Chabad argues that Lloyd's appeal is untimely. We conclude that we have jurisdiction. See Fla. R.App. P. 9.030(b)(1)(A); see also Gulf Power Co. v. Harper, 940 So.2d 535 (Fla. 1st DCA 2006).