PER CURIAM.
Famsun Invest, LLC, a commercial landlord, petitions for a writ of second-tier certiorari from an appellate decision of the circuit court which reversed and remanded *963 the county court’s default judgment. The default judgment entitled the landlord to immediate possession of the property based on the tenant’s failure to deposit rent into the court registry as ordered by the court pursuant to section 88.232, Florida Statutes (2012). We grant the petition.
The commercial landlord sued the tenant in county court for eviction and for damages. The county court, pursuant to section 83.232, Florida Statutes, entered an order determining the amount of rent to be paid into the court registry. The tenant did not comply but appealed that order to the circuit court. The circuit court then entered an order requiring the tenant to pay rent into the court registry or the appeal would be dismissed. The tenant did not comply and then filed a “non-final” appeal[1] of that order with this court.
The following day, the circuit court dismissed the appeal, and the county court entered a default judgment awarding possession to the landlord based on the tenant’s failure to pay rent into the court registry. This court later affirmed the “non-final appeal” that had been filed in this court. Subsequently, the circuit court entered the opinion at issue in which it determined that the county court should not have entered the default judgment while a “non-final appeal” was pending in this court.
The circuit court reversed based on Florida Rule of Appellate Procedure 9.130(f) which provides that “the lower tribunal may not render a final order disposing of the cause pending [non-final] review.” The circuit court’s ruling is incorrect.[2] The county court’s order awarding the landlord possession was not a “final order disposing of the cause” within the meaning of the rule because the issue of damages remained pending. Further, given the purpose of the statute at issue, we hold that rule 9.130(f) does not prohibit entry of a default judgment for possession where the commercial tenant fails to abide by an order requiring deposit of rent into the court registry.
Section 83.232 is designed to protect a commercial landlord from irreparable harm where a tenant holds over during eviction proceedings without paying rent. If the tenant lacks resources to pay rent, or from which the landlord may obtain damages, the landlord suffers irreparable harm in the loss of rental income and could even be in danger of losing the premises.[3] To protect against this harm, the statute requires payment of rent into the court registry and provides:
Failure of the tenant to pay the rent into the court registry pursuant to court order shall be deemed an absolute waiver of the tenant’s defenses. In such case, the landlord is entitled to an immediate default for possession without further notice or hearing thereon.
§ 83.232(5), Fla. Stat. (2012) (emphasis added). A default under this statute de *964 termines only the possessory interest and does not resolve a dispute for damages. Premici v. United Growth Props., L.P., 648 So.2d 1241 (Fla. 5th DCA 1995). This court has observed:
Where the tenant has not paid the rent into the registry of the court in accordance with court order and the statute, the landlord is entitled to a writ of possession without further hearing. The trial court exercises no discretion, and the landlord is entitled to the issuance of the writ of possession as a matter of right.
Poal Wk Taft. LLC v. Johnson Med. Ctr. Corp., 45 So.3d 87, 38 (Fla. 4th DCA 2010) (holding that no equitable exception to the statute exists).
Although second-tier review is narrow in scope and the standard is stringent, see Custer, 62 So.3d at 1092-93, we conclude that the circuit court’s appellate decision in this case rises to the level of a departure from the essential requirements of law and results in a miscarriage of justice. The court’s holding, which sets precedent controlling county court cases, would permit commercial tenants to frustrate the purposes of section 83.232. Tenants could file frivolous appeals of non-final orders which, pursuant to the circuit court’s holding, would prevent commercial landlords from obtaining the remedy of immediate possession and the protection afforded by the statute.
Accordingly, the petition is granted, and the circuit court’s opinion is quashed. The landlord shall be entitled to immediate possession.

Petition granted; opinion quashed.

HAZOURI, DAMOORGIAN and GERBER, JJ., concur.

. Because the proceeding in this court sought second-tier review of an appellate decision of the circuit court, the case should have been designated as a petition for writ of certiorari, not a non-final appeal. See Custer Med. Ctr. v. United Auto. Ins. Co., 62 So.3d 1086 (Fla.2010).

. Technically, because the “non-final appeal” to this court should have been a petition for second-tier certiorari, rule 9.130 should not have applied.

.The statute provides: “If the landlord is in actual danger of loss of the premises or other hardship resulting from the loss of rental income from the premises, the landlord may apply to the court for disbursement of all or part of the funds so held in the court registry.” § 83.232(1), Fla. Stat. (2012).