CONNER, J.
In this commercial landlord-tenant proceeding, Misha Enterprises, Inc. (Misha) appeals the trial court’s orders granting GAR Enterprises, Inc.’s (GAR) motion for judgment on the pleadings and motion for summary judgment. We reverse the granting of GAR’s motion for judgment on the pleadings as to the award of damages because Misha was entitled to an opportunity to contest the amount of damages awarded for accrued rent. We also reverse the granting of GAR’s motion for summary judgment because GAR did not negate Misha’s affirmative defenses of set-off for breach of quiet enjoyment and overcharges for garbage disposal. We affirm the judgment on the pleadings as to the grant of eviction.

Factual Background

In May 2006, Misha entered into a business lease with GAR to operate a bar-restaurant. The lease called for a term of three years with a monthly rent of $5000, adjusted annually based upon the consumer price index. The parties executed a three-year lease extension in 2009 with the same terms. Misha fell behind in rent, so in November 2010, GAR demanded Misha pay the delinquent rent or vacate possession. When Misha failed to do either, GAR filed a two-count complaint in December 2010 seeking eviction and damages for unpaid rent. An agreed order was entered directing Misha to pay $5706 for January 2011 rent and to continue to pay $5706 in rent either directly to GAR’s counsel or by depositing the rent into the court registry.
In June 2011, GAR filed an amended complaint seeking a declaratory judgment affirming its rights under the lease, damages for breach of contract, and eviction for defaulting under terms of the lease other than for payment of rent. The eviction count alleged that Misha damaged the bathrooms by removing backflow prevention equipment, refused to procure insurance required by the lease, and refused to allow GAR’s agents to inspect the property. The breach of contract count alleged the above allegations violated the terms of the lease and further alleged Misha’s failure to pay rent.
*852 Misha filed an answer asserting five affirmative defenses. Most pertinent to this appeal, Misha’s fourth affirmative defense asserted a set-off of $100,000 based on GAR’s harassment of Misha and its customers, which Misha alleged resulted in a loss of business and based on GAR’s overcharges for garbage disposal.
GAR moved for summary judgment on all counts. GAR also moved to strike Mi-sha’s affirmative defenses for failing to pay the full amount of June 2011 rent or any rent for July or August 2011 into the court registry and moved for judgment on the pleadings on the eviction count. After a hearing, the trial court granted the motion for judgment on the pleadings, struck Mi-sha’s affirmative defenses and entered judgment against Misha for a writ of possession and for $22,268 in past unpaid rent. After a second hearing, the trial court granted GAR’s motion for summary judgment on the declaratory judgment and breach of contract counts. GAR was awarded $54,490 for breach of the lease agreement, lost future rent, and damages to the premises.

Motion for Judgment on the Pleadings

Misha asserts that it was not required to pay rent into the court registry because (1) it alleged the affirmative defense of payment and (2) the failure to pay rent was not raised as grounds for eviction in the amended complaint. Since it was not required to pay rent into the court registry, Misha claims the trial court erred in 1) striking its affirmative defenses; 2) granting judgment on the pleadings; 3) awarding unpaid rent as damages. “An appellate court considers a trial court’s granting of a judgment on the pleadings by a de novo standard of review.” Newsome v. GEO Group, Inc., 72 So.3d 168, 170 (Fla. 4th DCA 2011).
Section 83.232, Florida Statutes (2011), sets forth the requirements for payment of rent into the court registry once a landlord in a non-residential lease files an action for possession. Subsection (1) governs when a tenant must pay rent into the court registry, and it provides in part:
Even though the defense of payment or satisfaction has been asserted, the court, in its discretion, may order the tenant to pay into the court registry the rent that accrues during the pendency of the action, the time of accrual being as set forth in the lease.
§ 83.232(1), Fla. Stat. (2011) (emphasis added). Under subsection (5), “Failure of the tenant to pay the rent into the court registry pursuant to court order shall be deemed an absolute waiver of the tenant’s defenses. In such case, the landlord is entitled to an immediate default for possession without further notice or hearing thereon.” § 83.232(5), Fla. Stat. (2011).
Here, the trial court entered an order requiring Misha to pay rent into the court registry as it came due each month if it was not paid directly to GAR’s counsel. Based on the language italicized above, the trial court had authority to do so even if Misha raised payment of past rent as a defense. Under section 83.232(5), Misha’s failure to comply with the trial court’s order entitled GAR to an immediate default for possession and judgment on the pleadings regarding the action for possession.[1]
*853 Misha also argues that section 88.232 does not apply at all because GAR’s amended complaint seeks eviction solely for breach of contract terms other than those relating to rent. We do not agree. Section 88.282(1) begins: “In an action by the landlord which includes a claim for possession of real property....” There is no express limitation that the claim for possession be based upon unpaid rent. Section 83.20(3), Florida Statutes (2011), explicitly authorizes claims for possession for breach of a lease other than for nonpayment of rent. Because claims for possession other than for nonpayment of rent are explicitly authorized, it follows that the Legislature may have intended that a landlord be able to require the payment of rent into a court registry in any type of case involving a claim of possession, in order to insure against a tenant occupying property rent-free during the pendency of a lawsuit. See Famsun Invest, LLC v. Therault, 95 So.3d 961, 962 (Fla. 4th DCA 2012) (“Section 83.232 is designed to protect a commercial landlord from irreparable harm where a tenant holds over during eviction proceedings without paying rent.”); Premici v. United Growth Properties, L.P., 648 So.2d 1241, 1243 (Fla. 5th DCA 1995) (“The statute is designed to remedy the problem of commercial tenants remaining on the premises for the duration of litigation without paying the landlord rent.”).
“A default under this statute [section 83.232] determines only the possesso-ry interest and does not resolve a dispute for damages.” Famsun Invest, 95 So.3d at 963-64 (emphasis added). Thus, the trial court erred in treating Misha’s affirmative defenses as stricken with regards to awarding damages on the judgment on the pleadings and granting summary judgment on the basis that there is no dispute of material fact. By granting damages at the judgment on the pleadings stage, the trial court deprived Misha of the opportunity to present evidence to contest the amount of unpaid rent. Thus, we reverse the judgment on the pleadings granting damages.

Motion for Summary Judgment

GAR contends on appeal that the summary judgment should be affirmed because Misha’s affirmative defenses were properly stricken. Because the summary judgment order is silent on the issue and there is no transcript of the summary judgment hearing, we are unable to determine whether the trial court considered the affirmative defenses stricken when it granted the summary judgment. If it did, as discussed above, that was error. If it did not, then we must consider Misha’s arguments that the trial court erred in granting summary judgment because GAR’s affidavit did not negate Misha’s affirmative defenses. The standard of review of an order on summary judgment is de novo. Certain Interested Underwriters at Lloyd’s v. Chabad Lubavitch of Greater Ft. Lauderdale, Inc., 65 So.3d 67, 69 (Fla. 4th DCA 2011).
Summary judgment can only be granted if “the pleadings and summary judgment evidence on file show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” Fla. R. Civ. P. 1.510(c). As noted by both parties, “the party moving for summary judgment must factually refute or disprove the affirmative defenses raised, or establish that the defenses are insufficient as a matter of law.” Servedio v. U.S. Bank Nat’l Ass’n, 46 So.3d 1105, 1107 (Fla. 4th DCA 2010).
It is unnecessary for us to discuss all of the affirmative defenses. Our review of the record shows error in granting summary judgment with regard to the fourth *854 affirmative defense alleging set-off by-breaching the covenant of quiet enjoyment and overpayment for garbage disposal.
“Absent any inconsistent express covenants to the contrary, every lease carries an implied covenant of peaceable and quiet enjoyment.” McClosky v. Martin, 56 So.2d 916, 918 (Fla.1951) (citing Hankins v. Smith, 103 Fla. 892, 138 So. 494 (1931)). In its fourth affirmative defense, Misha specifically alleged GAR harassed Misha and Misha’s customers causing a loss of income by advising Misha’s customers for several months that Misha would be evicted any day, towing vehicles belonging to Misha’s customers, and needlessly causing numerous agencies to inspect Misha’s operation and property. Misha further alleged that GAR overcharged for garbage disposal by several hundred dollars a month for several years. GAR’s affidavit in support of summary judgment failed to address any of these allegations. Because GAR failed to demonstrate the absence of a material fact pertaining to Misha’s fourth affirmative defense, summary judgment in favor of GAR was error, and we reverse. Coral Wood Page, Inc. v. GRE Coral Wood, LP, 71 So.3d 251 (Fla. 2d DCA 2011) (finding failure to address tenant’s affirmative defense that landlord harassed tenant’s customers required reversal of summary judgment awarding damages for nonpayment of rent).

Conclusion

Having determined the trial court erred in awarding damages on a judgment on the pleading and in granting summary judgment, we reverse for further proceedings.

Affirmed in part and reversed in part.

GROSS, J„ and COX, JACK S., Associate Judge, concur.

. As we said in Poal Wk Taft, LLC v. Johnson Medical Center Corp., 45 So.3d 37, 38 (Fla. 4th DCA 2010), “Where the tenant has not paid the rent into the registry of the court in accordance with court order and the statute, the landlord is entitled to a writ of possession without further hearing. The trial court exercises no discretion, and the landlord is entitled to the issuance of the writ of possession as a matter of right.” If the landlord is entitled to an immediate writ of possession, there can be no doubt the landlord is also *853 entitled to a judgment on the pleadings as to possession.